## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ARITHA CROWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action: 3:21-cv-610 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, Inc., | § | |
| TRANS UNION LLC, and OCWEN LOAN | § | |
| SERVICING, LLC d/b/a PHH MORTGAGE | § | |
| SERVICES | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Aritha Crowe ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Equifax Information Services LLC**,** Experian Information Solutions, Inc., Trans Union LLC, and Ocwen Loan Servicing LLC d/b/a PHH Mortgage Services, jointly, severally, and in solido, states as follows:

## I.   INTRODUCTION

1.      Three of the Defendants are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and Defendant PHH Mortgage Services, as successor by merger to Ocwen Loan Servicing LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. §

1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services is also liable for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2.      Plaintiff, Aritha Crowe, is a natural person residing in Harris County, Texas, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and is a victim of repeated false credit reporting and violations of RESPA.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district

and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.      Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.      Upon information and belief, Defendant Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services which may also hereinafter be referred to as "Ocwen," "PHH," "Ocwen/PHH" "Ocwen d/b/a PHH," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company, who acquired PHH Mortgage Services, a New Jersey Corporation, that does substantial business in this judicial district may be served by delivering a summons to its Legal Department at its headquarters, 1661 Worthington Road, Suite

100, West Palm Beach, Florida 33409 and to its Legal Department at its subsidiary's headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054 . Ocwen d/b/a/ PHH is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.  Further, Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services is a servicer as defined by RESPA, 12 U.S.C. v 2605(i)(2).

7.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, TransUnion, and Innovis.

### III.  JURISDICTION AND VENUE

8.      Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arising under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

9.      Venue is proper in this District, because Plaintiff resides in this district.

10.     Venue is proper in this District, because Defendants transact business in this district,

PHH services the loan on behalf of Ocwen in this district, a substantial part of the conduct complained of occurred in this district, and various actions made bases of Plaintiff's claims against Defendants occurred in this district. 28 U.S.C. § 1391.

## IV.  FACTUAL ALLEGATIONS

11.      In April 2014, Plaintiff secured a mortgage loan for her property located at 14511 Merry Meadows Drive, Houston, Harris County, TX 77049.

12.      Upon information and belief, sometime thereafter on or about July 2010 the mortgage account was transferred, purchased, sold to, or otherwise acquired by Defendant Ocwen (hereinafter the "Ocwen mortgage").

13.      Upon information and belief, sometime thereafter in May 2019, PHH Mortgage Corporation, a New Jersey Corporation, merged with Ocwen and became a subsidiary. PHH thereafter became the mortgage loan server for Plaintiffs' loan, having acquired servicing for the mortgage account (hereinafter the "Ocwen/PHH mortgage").

14.      A redacted copy of Plaintiff's payment history is attached hereto as Exhibit "A" and incorporated in by reference.

15.      Sometime in August 2020, Plaintiff pulled her 3-Bureau Credit Report ("Trimerge Report"), providing the credit reporting of Equifax, Experian, and Trans Union, and noticed that it was not accurately reporting two tradelines: 1) Ocwen Loan (account #: 70734****); and 2) PHH Mortgage Servicing (account # 954070734****).  Plaintiff's Trimerge Report is attached hereto as Exhibit "B" and incorporated herein by reference.

16.      Within the Trimerge Report, Plaintiff noticed that Equifax inaccurately reported

three late payments to her Ocwen Loan (account #: 70734****) tradeline: 1) April 2017 as 60 days late; 2) September 2018 as 30 days late; and 3) January 2019 as 30 days late.

17.     Within the Trimerge Report, Plaintiff noticed that Equifax also inaccurately reported three late payments to her PHH Mortgage Servicing (account # 954070734****) tradeline: 1) April 2020; 2) May 2020; and 3) June 2020.

18.     Equifax's reporting was incorrect in both of these instances.

19.     Within the Trimerge Report, Plaintiff noticed that Experian was inaccurately reporting late payments to her Ocwen Loan and PHH Mortgage Servicing tradelines.

20.      Within the Trimerge Report, Plaintiff noticed that Experian inaccurately reported three late payments to her Ocwen Loan tradeline: 1) April 2017 as 60 days late; 2) September 2018 as 30 days late; and 3) January 2019 as 30 days late.

21.     Within the Trimerge Report, Plaintiff noticed that Experian also inaccurately reported four late payments to her PHH Mortgage Servicing tradeline: 1) April 2020; 2) May 2020; 3) June 2020; and 4) July 2020.

22.     Experian's reporting was incorrect in both of these instances.

23.     Within the Trimerge Report, Plaintiff noticed that Trans Union was inaccurately reporting late payments to her Ocwen Loan and PHH Mortgage Servicing tradelines.

24.     Within the Trimerge Report, Plaintiff noticed that Trans Union inaccurately reported three late payments to her Ocwen Loan tradeline: 1) April 2017 as 60 days late; 2) September 2018 as 30 days late; and 3) January 2019 as 30 days late.

25.     Within the Trimerge Report, Plaintiff noticed that Trans Union also inaccurately reported three late payments to her PHH Mortgage Servicing tradeline: 1) April 2020; 2) May 2020;

and 3) June 2020.

26.     Trans Union's reporting was incorrect in each instance.

27.     As it pertains to the late payments with the Ocwen Loan, these were paid on time for the following reasons: 1) Plaintiff's January 2019 payment was paid on December 7, 2018 and was never late; Plaintiff's September 2018 because it was paid in September 2018; and 3) Plaintiff's April 2017 payment being 60 days late does not make sense on its face as how can a barrow be on time in March 2017 and then 60 days late in April 2017?

28.     As it pertains to the late payments with the PHH Mortgage Servicing tradeline, reporting Plaintiff as late on payments was inaccurate because either Plaintiff was in a forbearance agreement for the dates at issue, or the late payments at issue were actually timely payments made by Plaintiff.

29.     On or about September 18, 2020, Plaintiff sent direct disputes to Equifax, Experian, and Trans Union and requested that the CRA Defendants investigate the reporting of the Ocwen Loan and PHH Mortgage Servicing tradelines. Plaintiff requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Ocwen Loan and PHH Mortgage Servicing tradelines.

30.     Redacted copies of Plaintiff's unsigned dispute letters sent to Equifax, Experian, and Trans Union are each attached as Exhibits "C", "D", and "E" respectively and incorporated by reference to document what was disputed to the CRA Defendants.

31.     Equifax never responded to Plaintiff's dispute.

32.     On November 18, 2020, Plaintiff pulled an updated credit report and verified that Equifax did not make any updates to her mortgage reporting.

33.     A copy of her Trimerge account dated November 18, 2020 is attached as Exhibit "F" and incorporated by reference.

34.     Equifax's non-response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen Loan and PHH Mortgage Servicing tradelines and gave no explanation as to why it reported the Ocwen Loan and PHH Mortgage Servicing tradelines with late payments the way it did.

35.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Ocwen Loan and PHH Mortgage Servicing tradelines.

36.     Upon the Plaintiff's request to Equifax for verification and addition regarding the Ocwen Loan and PHH Mortgage Servicing tradelines, and in accordance with Equifax's standard procedures, Equifax did not substantially or reasonably verify the Ocwen Loan and PHH Mortgage Servicing tradelines.

37.     In the alternative, Equifax failed to contact Ocwen/PHH, therefore, failed to perform any investigation at all.

38.     In the alternative to the allegation that Equifax failed to contact Ocwen/PHH, it is alleged that Equifax did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

39.     Experian never responded to Plaintiff's dispute.

40.     On November 18, 2020, Plaintiff pulled an updated credit report and verified that Experian did not make any updates to her mortgage reporting.

41.     A copy of her Trimerge account dated November 18, 2020 is attached as Exhibit "F"

and incorporated by reference.

42.     Experian's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen Loan and PHH Mortgage Servicing tradelines and gave no explanation as to why it reported the Ocwen Loan and PHH Mortgage Servicing tradelines with late payments the way it did.

43.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Ocwen Loan and PHH Mortgage Servicing tradelines.

44.     Upon the Plaintiff's request to Experian for verification and addition regarding the Ocwen Loan and PHH Mortgage Servicing tradelines, and in accordance with Experian's standard procedures, Experian did not substantially or reasonably verify the Ocwen Loan and PHH Mortgage Servicing tradelines.

45.     In the alternative, Experian failed to contact Ocwen/PHH, therefore, failed to perform any investigation at all.

46.     In the alternative to the allegation that Experian failed to contact Ocwen/PHH, it is alleged that Experian did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation

47.     Trans Union responded to Plaintiff's dispute on September 29, 2020.

48.     A redacted copy of Trans Union's response is attached hereto as Exhibit "G" and incorporated herein by reference.

49.     Trans Union's response failed to make any of the disputed changes and provided no explanation.

50.     Trans Union's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen Loan and PHH Mortgage Servicing tradelines and gave no explanation as to why it reported the Ocwen Loan and PHH Mortgage Servicing tradelines with late payments the way it did.

51.     Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Ocwen Loan and PHH Mortgage Servicing tradelines.

52.     Upon the Plaintiff's request to Trans Union for verification and addition regarding the Ocwen Loan and PHH Mortgage Servicing tradelines, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen Loan and PHH Mortgage Servicing tradelines.

53.     In the alternative, Trans Union failed to contact Ocwen/PHH, therefore, failed to perform any investigation at all.

54.     In the alternative to the allegation that Trans Union failed to contact Ocwen/PHH, it is alleged that Trans Union did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

55.     On or about September 18, 2020, Plaintiff sent both Ocwen and PHH a Qualified Written Request ("QWR"), in which Plaintiff requested information relating to the servicing of her loan with Ocwen/PHH. Within Plaintiff's QWR she sufficiently identified herself as a borrower, the account in question, perceived errors committed by Ocwen/PHH regarding this account, and specifically requested that Ocwen investigate and correct its servicing issues with her payments as

well as how they were reported late on her credit reports.

56.     A redacted copy of Plaintiff's unsigned QWR to Ocwen is attached hereto as Exhibit "H" and incorporated by reference.

57.     A redacted copy of Plaintiff's unsigned QWR to PHH is attached hereto as Exhibit "I" and incorporated by reference.

58.     On October 7, 2020, PHH responded and stated in pertinent part that the credit reporting was accurate, and no changes should be made. The response did not address the issue of the late reported payments while in a forbearance in 2020.

59.     A redacted copy of PHH's response to Plaintiff is attached hereto as Exhibit "J" and incorporated by reference.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

60.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

61.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

62.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

63.     Equifax knew or should have known Plaintiff's account status and payment history

were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

64.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

65.     After Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

66.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

67.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

68.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT II – EQUIFAX'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681i)**

69.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

70.     Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain

reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

71.    As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

72.    Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

73.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

74.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

75.    Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

76.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b)

(emphasis added).

77.     Experian knew or should have known of Plaintiff's account status and payment history, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

78.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

79.     After Experian knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

80.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

81.     Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

82.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

83.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

84.     Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

85.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

86.     Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

88.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

89.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

90.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a

consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

91.     Trans Union knew or should have known of Plaintiff's account status and payment history, but Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

92.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

93.     After Trans Union knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

94.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

95.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

96.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

97.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

98.     Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

99.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

100.    Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

101.    The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.


### COUNT IX – OCWEN/PHH'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

102.    Defendant Ocwen/PHH violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or

failing to appropriately modify the information.

103.    Ocwen/PHH further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Ocwen/PHH representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Ocwen/PHH representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ocwen/PHH representations to the consumer reporting agencies.

104.    As a result of Ocwen/PHH's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

105.    Ocwen/PHH's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT X – OCWEN/PHH'S VIOLATION OF RESPA

106.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

107.    Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

108.    Ocwen/PHH has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

109.    Ocwen/PHH further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

110.    Ocwen/PHH's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

111.    Defendant Ocwen/PHH is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

112.    Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Ocwen/PHH as provided in 12 U.S.C. § 2605(f).


## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

113.    Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

114.    Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

115.    Plaintiff respectfully requests that this Honorable Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

116.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

117.    Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

118.    Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

119.    Defendants have negligently and/or willfully violated various provisions of the FCRA and Ocwen/PHH negligently and/or willfully violated RESPA and are thereby liable unto Plaintiff.

120.    Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time,

frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Aritha Crowe, prays that this Honorable Court:

A.     Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Ocwen/PHH, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, Ocwen/PHH's violation of RESPA, applicable state law, and common law;

B.     Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.     Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D.     Order that the CRA Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC and Furnisher Defendant, Ocwen/PHH work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff

and/or any of Plaintiff's personal identifiers.

      E.     Grant such other and further relief, in law or equity, to which Plaintiff might show she is justly entitled.

Date Filed: <u>March 17, 2021</u>

                                      Respectfully submitted,

                                      */s/ Matthew P. Forsberg*
                                      Matthew P. Forsberg
                                      TX State Bar Number 24082581
                                      FCRA-TX@fieldslaw.com
                                      FIELDS LAW FIRM
                                      9999 Wayzata Blvd.
                                      Minnetonka, Minnesota 55305
                                      (612) 383-1868 (telephone)
                                      (612) 370-4256 (fax)

                                  By: */s/ Jonathan A. Heeps*
                                      Jonathan A. Heeps
                                      State Bar No. 24074387
                                      LAW OFFICE OF JONATHAN A. HEEPS
                                      Post Office Box 174372
                                      Arlington, Texas 76003
                                      Telephone (682) 738-6415
                                      Fax (844) 738-6416
                                      jaheeps@heepslaw.com

                                  COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

March 17, 2021                                        */s/ Matthew P. Forsberg*
Date                                                       Matthew P. Forsberg